**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| Alabama Aircraft Industries, ) | Case No. 11-10452(PJW) |
| Inc., et al., ) | |
| ) | Substantively Consolidated |
| Debtors. ) | |
| _____ ) | |
| ) | |
| Charles M. Forman, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 13-50727(PJW) |
| ) | |
| IPFS Corporation of the South ) | |
| f/k/a Premium Financing ) | |
| Specialists of the South, Inc., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Mark Minuti
Lucian B. Murley
SAUL EWING LLP
222 Delaware Avenue
Suite 1200
P.O. Box 1266
Wilmington, DE 19899

Counsel to IPFS Corporation
of the South f/k/a Premium
Financing Specialists of the
South, Inc.

Katharine L. Mayer
McCARTER & ENGLISH, LLP
405 N. King Street
8th Floor
Wilmington, DE 19801

Harry M. Gutfleish
Matteo Percontino
FORMAN HOLT ELIADES &
YOUNGMAN LLC
80 Route 4 East, Suite 290
Paramus, NJ 07652

Counsel to Charles M. Forman,
the Chapter 7 Trustee

Dated: December 5, 2013

**WALSH, J.**

This opinion is with regard to the summary judgment motion filed by IPFS Corporation of the South ("Defendant"). (Adv. Doc. No. 11.)  In addition, this opinion will reach the merits of Trustee's cross-motion for summary judgment filed in opposition. (Adv Doc. No. 14.)  For the reasons detailed below, I will grant Defendant's motion for summary judgment.

### Background

This adversary proceeding was filed by Trustee to avoid and recover preferential transfers. (Adv. Doc. No. 1.)  Along with its motion, Defendant filed a Declaration of Lisa R. Chandler ("Chandler" and "Chandler Declaration") as evidentiary support.

In his complaint, Trustee is seeking to avoid pursuant to § 547(b) and recover pursuant to § 550(a) four payments made by Debtors to Defendant pursuant to an insurance premium financing agreement("PFA").  The four installment payments that Trustee is seeking to avoid total $151,979.84. Under the PFA, Debtors were to make ten installment payments of $37,974.02 to Defendant.

There are no disputed factual allegations relating to the timing of the payments or the value of the security interest in this instant adversary proceeding.  The last four installments were made in the ninety days prior to the petition date. The four installment payments at issue are: (I) a $ 37,974.92 payment due on December 1, 2010 and received on December 2, 2010, (II) a

$37,974.92 payment due on January 1, 2011, and received on January 19, 2011 (III) a $ 37,974.92 payment due on February 1, 2011 and received on February 4, 2011, and (IV) a $ 37,974.92 payment due on March 1, 2011 and received on February 4, 2011.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. As follows, this matter is a core matter as determined by § 157(b)(2).

## Standard of Review

Federal Rule of Civil Procedure 56 governs summary judgment motions and is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. See Fed. R. Bankr. P. 7056. Granting a summary judgment motion is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). This Court is directed to inquire as to "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

The instant case presents cross-motions for summary judgment, but the summary judgment analysis does not change. See In re Jevic Holding Corp., 492 B.R. 416, 424 (Bankr. D. Del. 2013). As such, this Court will consider each party's motion, and each

party bears the burden of demonstrating that there are no genuine issues of material fact.  See <u>Liquidating Trust of U.S. Wireless Corp. v. Huffman (In re U.S. Wireless Corp.)</u>, 386 B.R. 556, 560 (Bankr.D.Del. 2008); <u>Reinert v. Giorgio Foods, Inc.</u>, 15 F.Supp.2d 589, 593–94 (E.D.Pa.1998).

**Discussion**

**I.  Evidentiary Issues in the Chandler Declaration**

First and foremost at issue is the classification of the testimony found in the Chandler Declaration submitted by Defendant. The first mention that Chandler was giving "expert" testimony was in Defendant's reply brief. (Adv. Doc. No. 22 at 11.)  Accordingly, I reject that contention at this time.  Chandler may have familiarity with the industry, but evidence has not been proffered of her expertise in the industry.

As such, the portions of the Chandler Declaration based upon purported expert testimony pursuant to Federal Rule of Evidence 702 cannot be considered. Specifically, those are paragraphs 5-11; 22-24. <u>See</u> (Adv. Doc. No. 22 at 11.)

**II.  Secured Status at the Time of the Transfer**

The undisputed facts are laid out in the following charts:

| Check No. | Date Payment Due | Transfer Date | Value of Unearned Premiums as of Date of Payment | Outstanding Balance of the Debt |
|---|---|---|---|---|
| 114236 | 12/01/10 | 12/02/10 | $193,008.46 | $151,899.68 |
| 114564 | 01/01/11 | 1/19/11 | $131,469.53 | $113,924.76 |
| 114743 | 02/01/11 | 02/04/11 | $110,956.55 | $75,979.84 |
| 114743 | 03/01/11 | 02/04/11 | $110,956.55 | |

The petition was filed on February 15, 2011.

Pursuant to § 547(b), a trustee may avoid any transfer of an interest of the debtor in property (i) made to or for the benefit of creditors, (ii) for or on account of an antecedent debt, (iii) while the debtor was insolvent, (iv) made within 90 days of the petition date, and (v) which enabled the transferee to receive more than s/he would have received in a Chapter 7 liquidation. 11 U.S.C. § 547(b). In this matter, the singular dispute lies in the fifth element of the statutory test--namely whether the payments received by Defendant resulted in a greater distribution than would otherwise have resulted in a hypothetical Chapter 7 distribution. See § 547(b)(5)(A).

If the § 547(b)(5)(A) requirement is resolved in favor of Trustee, then he has met his prima facie burden for an avoidance action, and the analysis shifts to preference defenses. See §§ 547(c),(g). If this issue is resolved in favor of Defendant, then the defenses analysis need not commence as the avoidance action cannot be sustained. Id.

6

Whether Trustee can meet his *prima facie* burden rests in the resolution of Defendant's secured status at all relevant times. If Defendant was fully secured, then the transfer fails to meet the avoidance requirement of § 547(b)(5)(A).[1] <u>See</u> 5 Collier on Bankruptcy ¶ 547.03 (16th ed. 2010) ("Generally, payments to a fully secured creditor will not be considered preferential because the creditor would not receive more than in a chapter 7 liquidation."); <u>In re Rocor Int'l, Inc.</u>, 380 B.R. 567, 571 (B.A.P. 10th Cir. 2007)("fully secured creditor is usually not subject to a preference claim because secured creditors receive 100% of the value of their collateral upon distribution in a Chapter 7 case."); <u>In re Qimonda Richmond, LLC</u>, 467 B.R. 318, 323 (Bankr. D. Del. 2012)("Because a fully-secured creditor would be entitled to payment in full before other creditors in a chapter 7 liquidation, any payment to that secured party could not possibly be for more than it would receive in a liquidation.").

For guidance on whether this Court should look at Defendant's secured status as of the date of the petition or the date of the transfer of payments, Defendant argues that this Court follow the lead of the Southern District of New York and the Northern District of Illinois where the courts have ruled that the

---

[1] This point is not contentious. <u>See</u> Trustee's Brief (Adv. Doc. No. 14 at p. 11) ("Courts routinely hold that a trustee cannot avoid a transfer to a creditor whose debt is fully secured throughout the preference period by a lien on debtor's assets because the collateral pledged is sufficient to pay the debt in full.").

7

Defendant's secured status is determined as of the date of the transfers. See In re Teligent, Inc., 337 B.R. 39 (Bankr. S.D.N.Y. 2005); In re Schwinn Bicycle Co., 200 B.R. 980 (Bankr. N.D. Ill. 1996).

Trustee wants this Court to believe that the Supreme Court in Palmer Clay mandates a different result, namely, that secured status is determined on the date of the petition. See Palmer Clay Products Co. v. Brown, 297 U.S. 227 (1936). This Court believes Trustee's reliance on Palmer Clay as binding authority is misplaced. Lower courts have found the creditor in Palmer Clay and its applicable analysis to be directed towards unsecured creditors, even though it is not explicitly stated in the Supreme Court opinion. See In re Rocor Int'l, Inc., 380 B.R. 567, 572 (B.A.P. 10th Cir. 2007); In re Rambo, 297 B.R. 418, 431 (Bankr. E.D. Pa. 2003 ("Notably Palmer Clay involved a transfer to an unsecured creditor but its reasoning has been adopted and applied to undersecured creditors."); In re Telesphere Commc'ns, Inc., 229 B.R. 173, 179 (Bankr. N.D. Ill. 1999); In re Springfield Contracting Corp., 154 B.R. 214, 221 (Bankr. E.D. Va. 1993). Whether or not a lower court wants to also apply the reasoning in Palmer Clay to a creditor of secured status is wholly separate from what Trustee incorrectly believes this court "must" do based on Palmer Clay. We find Palmer Clay in this instant action distinguishable. Compare In re Rocor Int'l, Inc., 380 B.R. 567, 572

(B.A.P. 10th Cir. 2007) ("As the bankruptcy court correctly noted, however, Palmer is distinguishable because the payments therein held to be preferential were made on unsecured claims.") with In re Falcon Products, Inc., 381 B.R. 543, 548 (B.A.P. 8th Cir. 2008) ("[Defendant] and the cases upon which it relies contend Palmer is not controlling because it dealt only with payments on unsecured claims. But there is nothing in the language of Palmer which expresses such a limitation, and the Panel finds no basis to impart or create one.").

Further, Trustee's reliance on many of the cases cited in its various filings are misplaced. This Court is perplexed by Trustee's citations to cases (and dissenting opinions) that are seemingly adverse to its ultimate position and/or are irrelevant based on the facts involved in the instant matter.

Here, this Court finds the appropriate approach to be in line with the reasoning of cases cited by Defendant. In holding as such, this Court finds that the secured status of a premium finance company should be determined as of the dates of the transfers. This approach is not only the common-sense approach, but it also adequately takes into account the unique nature of a premium financing agreement.

Therefore, at all relevant times, the value of the unearned premiums exceeded the outstanding balance, and IPFS was a secured creditor in the ninety days prior to the petition. By the

very nature of the PFA, the collateral does not depreciate faster than the debt is paid, ensuring that at no time does IPFS become an under-secured creditor. As clearly seen here, IPFS's position as a secured creditor is abundantly clear. Teligent, 337 B.R. at 46 (finding in a similar dispute that the "oversecured position is intuitively clear[.]"). At each transfer in question, IPFS was oversecured by $ 41,108.78, $ 17,544.77 and $ 34,976.71 respectively. Therefore, IPFS did not receive more than it would have in a hypothetical chapter 7, and it follows that Trustee cannot sustain an action to recover.

## Conclusion

This Court finds that at all relevant times, Defendant was a fully secured creditor, and based upon the relevant facts is not subject to the avoidance action proffered by Trustee. This Court grants Defendant's summary judgment motion, resulting in the denial of Trustee's responsive cross-motion.